**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BEST LIGHTING PRODUCTS, INC.,**

  **Plaintiff,**

 **v.**                                            **Civil Action 2:25-cv-1304**
                                                   **Judge James L. Graham**
                                                   **Magistrate Judge Chelsey M. Vascura**

**MEGA SAFETY INDUSTRIES, INC.,**
*et al.*,

  **Defendants.**

## OPINION AND ORDER

Plaintiff, Best Lighting Products, Inc., filed its Complaint against Defendants, Mega

Safety Industries, Inc., Wanju Electronics Technology Co., Ltd., Wang Jinhong, and Jin Tao, on

November 7, 2025. (ECF No. 1.) When Plaintiff had not served any of the Defendants with

process within 90 days after the filing of the Complaint, the Court issued a Show Cause Order on

March 5, 2026, ordering Plaintiff to show cause why the action should not be dismissed for

failure to effect service of process. (ECF No. 2.) This matter is before the Court on Plaintiff's

Combined Response to the Order to Show Cause and Motion for Leave to Serve Defendants

Wanju Electronics Technology Co., Ltd., Wang Jinhong, and Jin Tao for Alternative Means.

(ECF No. 4.) For the reasons below, Plaintiff's Motion is **GRANTED**.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period. This subdivision (m) does not

apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). Rule 4(m)'s 90-day time limit for service does not apply to defendants served in a foreign country; accordingly, Plaintiff has not missed a deadline to serve Defendants Wanju Electronics Technology Co., Ltd. (a Chinese corporation), Wang Jinhong (an individual residing in China), and Jin Tao (an individual residing in China) (collectively, the "Chinese Defendants"). But Plaintiff represents that its efforts to serve the Chinese Defendants via the Hague Convention have been unsuccessful. Accordingly, Plaintiff seeks leave to serve the Chinese Defendants via email. Plaintiff has reason to believe service via email will be effective because Plaintiff's subsidiary recently executed a settlement agreement with the Chinese Defendants in connection with another matter, in which the Chinese Defendants expressly agreed to accept service of documents related to this litigation via email.

A foreign corporation such as Wanju must be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Thus, under Rule 4(f), all three Chinese Defendants may be served:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [the "Hague Convention"];

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)).

2

"Notably, courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f)." *Id.* at 260 (collecting cases). "In other words, a court may resort to Rule 4(f)(3) without first considering Rule 4(f)(1) and 4(f)(2)." *Grado v. Med., Indus., & Sci. Prods. Corp.*, 347 F.R.D. 654, 657 (S.D. Ohio 2024) (cleaned up). Further, "[a]s this Court has recognized, courts have repeatedly found that email service is not prohibited by the Hague Convention." *Eversole v. Durrani*, No. 1:18-cv-856, 2019 WL 5846974, at *2 (S.D. Ohio Apr. 16, 2019) (citing *Medical Protective Co. v. Center for Advanced Spine Technologies, Inc.*, No. 1:14-cv-005, 2014 WL 12653861, at *2 (S.D. Ohio Jan. 13, 2014)). However, a plaintiff must demonstrate that "the chosen method comports with constitutional notions of due process, namely that the service of process be 'reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Studio A Entm't, Inc. v. Active Distributors, Inc.,* No. 1:06-cv-2496, 2008 WL 162785, at *2–3, (N.D. Ohio Jan. 15, 2008)). Some courts also require the party seeking alternative service to show that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service. *See*, *e.g.*, *United States v. Alphatec Spine, Inc.*, No. 1:13-CV-586, 2016 WL 1182260, at *2 (S.D. Ohio Mar. 28, 2016).

The Court finds that Plaintiff has satisfied its burden. First, Plaintiff diligently attempted service via the Hague Convention by

> complet[ing] the 'Mandatory Form' for each Defendant. Plaintiff was then required to translate the documents to be transmitted, including the Complaint. Finally, Plaintiff was required to create an account with the International Legal Cooperation Center ("ILCC"), as mandated by China's Central Authority, to facilitate electronic transmission of the Complaint.

(Pl.'s Mot. 2, ECF No. 4.) However,

3

> although Plaintiff's counsel successfully created an ILCC account, counsel has been unable to access it. Counsel attempted to troubleshoot the issue on numerous occasions by resetting the password and creating a new account, but those efforts were successful. Counsel also called the direct telephone number provided by the ILCC; however, the number connects to an inactive line. To date, Plaintiff's counsel has been unable to access their ILCC account necessary to effect service.

(*Id.*) Service under the Hague Convention is therefore functionally unavailable to Plaintiff.

Moreover, Plaintiff's subsidiary has been in contact with the Chinese Defendants to negotiate a settlement agreement dated January 29, 2026.[1] That settlement agreement recites that Plaintiff has filed this action, Case No. 25-cv-1304, in the United States District Court for the Southern District of Ohio. (Settlement Agreement ¶ 1.5, ECF No. 4, PAGEID #30.) The settlement agreement further provides that Jin Tao and Wang Jinhong agree "that all summonses, complaints, motions, orders, and other documents may be served by email to the email address specified in this Agreement, and that, to the maximum extent permitted by applicable law, such service shall be deemed effective, lawful, and sufficient for all purposes." (*Id.*)

Based on the record before it, the Court concludes that service on Jin Tao and Wang Jinhong via email is reasonably calculated, under all the circumstances, to apprize them of the pendency of the action and afford them an opportunity to present their objections. Moreover, because the Complaint alleges that Jin Tao and Wang Jinhong "operate" Defendant Wanju Electronics Technology Co., Ltd, service on Wanju via Jin Tao and Wang Jinhong's email address(es) would also satisfy due process. Accordingly, Plaintiff's request to confirm Jin Tao and Wang Jinhong's email address(es) and serve the Chinese Defendants via email within 30 days is **GRANTED**.

---

[1] This action is not fully resolved by the settlement agreement because Plaintiff also intends to seek an agreed permanent injunction in this action preventing Defendants from selling any infringing products within the United States. (Settlement Agreement ¶ 1.5, ECF No. 4, PAGEID #30–31.) Plaintiff has agreed to dismiss this action upon entry of the injunction and satisfaction of other conditions outlined in the settlement agreement. (*Id.*)

Finally, Plaintiff's Motion ignores Plaintiff's failure to effect service of process over the remaining domestic Defendant, Mega Safety Industries, Inc. Plaintiff's Complaint alleges that Mega Safety is a corporation organized in the State of New Jersey. Plaintiff should therefore have no trouble serving Mega Safety within the United States. Although Rule 4(m)'s 90-day deadline to serve Mega Safety has passed, the Court *sua sponte* **EXTENDS** Plaintiff's time to serve Mega Safety by the same 30 days in which to serve the Chinese Defendants.

Plaintiff is **ORDERED** to file a status report detailing the status of service on all four Defendants **WITHIN 30 DAYS** of the date of this Order, unless proof of service over all four Defendants has been filed on the docket in the interim.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*  
CHELSEY M. VASCURA  
UNITED STATES MAGISTRATE JUDGE